IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GARY CUNNINGHAM,**

    **Petitioner,**

  v.                                          Civil action no. 5:10cv58
                                              Criminal action no. 5:01cr10-2
                                              (Judge Stamp)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On May 26, 2010, the *pro se* petitioner filed this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Dkt.# 525). The respondent was not ordered to answer the motion.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2255 (Standing Order No. 4 ).

### II. FACTS

**A.**    **Conviction**

On October 12, 2001, petitioner entered a plea of guilty before the Magistrate Judge in open court to four counts of illegal use of a communication facility to distribute cocaine a/k/a "crack" in violation of 21 U.S.C. §843(b)(Counts 16, 19, 20 and 27). The plea was accepted and adopted by the District Court on October 29, 2001.

**B.**    **Sentencing**

On January 8, 2002, the Court sentenced petitioner to a total of 192 months incarceration -- 48 months on each of the four counts, to be served consecutively.

**C.      Appeal**

The petitioner filed an appeal on April 26, 2006. (Dkt. 468). The Fourth Circuit Court of Appeals dismissed the appeal as untimely on December 20, 2006. (Dkt.# 477).

**D.      Federal Habeas Corpus**

On August 29, 2002, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Dkt.# 334). The Magistrate Judge recommended that the Motion to Vacate be denied on its merits on and dismissed with prejudice June 12, 2003 (Dkt.# 380). The Recommendation was affirmed and accepted by the District Court on July 25, 2003 (Dkt# 384). Petitioner filed a Notice of Appeal of that decision on August 11, 2003 (Dkt.# 385). The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal on October 21, 2003. (Dkt.# 387). On January 26, 2004, the Fourth Circuit Court of Appeals denied Cunningham's petition for rehearing and rehearing *en banc*. (Dkt.# 388). On September 29, 2005 the Fourth Circuit Court of Appeals denied petitioner's motion for authorization to file successive application for relief pursuant to 28 U.S.C. § 2244 (Dkt.# 441).

On June 4, 2007, the pro se petitioner filed a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Magistrate Judge recommended that the Motion to Vacate be denied as a second and successive petition on June 26, 2007. On August 28, 2009, the Recommendation was affirmed and adopted by the District Court. (Dkt.# 518).

Petitioner filed this present and third Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on May 26, 2010.

**E.     Recommendation**

Based upon a review of the record, I recommend that petitioner's § 2255 motion be denied and dismissed from the docket for lack of jurisdiction because it is a third or successive motion.

### III.  ANALYSIS

Section 2255 provides as follows regarding a second or successive motion:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). The petitioner's first § 2255 motion was considered and dismissed on the merits. Accordingly, the undersigned finds petitioner's current § 2255 motion is a successive motion.

The petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this successive § 2255 motion in this Court. Therefore, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, the Court has no jurisdiction over this matter and must dismiss the motion for lack of jurisdiction.

Consequently, I recommend the Petitioner's § 2255 motion to be denied with prejudice for lack of jurisdiction.

### III. RECOMMENDATION

Accordingly, for the reasons stated herein, it is recommended that the Court enter an Order **DENYING WITH PREJUDICE** the petitioner's motion and dismissing the case from the docket for lack of jurisdiction because his motion is a successive § 2255 motion for which he has not received prior authorization to file from the Fourth Circuit Court of Appeals.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record, as applicable.

DATED: June 1, 2010

*James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE